UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

NELSON LIN,

       Plaintiff,

  -v-                                                            No.  25-CV-1367-JGK

HON. JONATHAN H. SHIM et al.,

       Defendants.

--------------------------------------------------------x

## ORDER

       Plaintiff Nelson Lin, who is appearing pro se, brings this action invoking the Court's jurisdiction under 28 U.S.C. sections 1331, 1343(a)(3), and 1367.  Plaintiff asserts claims pursuant to, inter alia, 42 U.S.C. section 1983 ("Section 1983") for due process, equal protection, and First Amendment violations, and 42 U.S.C. section 1985 ("Section 1985").  The claims arise out of child custody proceedings currently pending in the Family Court of the State of New York, County of New York (the "Family Court").

       On February 26, 2025, Plaintiff filed a proposed order to show cause for a preliminary injunction and temporary restraining order.  (Docket entry no. 23.)  Plaintiff asks that this Court (1) restrain and enjoin Defendants from enforcing the Family Court's December 6, 2022 supervised visitation order until this Court adjudicates the constitutional claims pending in the instant case; (2) restore Plaintiff's prior 50/50 physical custody rights until this Court adjudicates the constitutional claims pending in the instant case;  (3) "remove" and enjoin the January 16, 2025 "Family Court Gag Order"; (4) stay all further proceedings in the Family Court; (5) prohibit New York Family Court Judge Jonathan H. Shim ("Judge Shim") "from

Case 1:25-cv-01367-JGK    Document 24    Filed 02/27/25    Page 2 of 12

engaging in further retaliatory actions against Plaintiff"; and (6) order all Defendants "to preserve and disclose all exculpatory evidence related to the custody proceedings[.]" (Docket entry no. 23-7 ("Prop. Ord."); docket entry no. 23-1 ("Pl. Mem.") at 5.)

The Court has reviewed Plaintiff's submission thoroughly. For the reasons set forth below, the Court denies Plaintiff's request for an order to show cause seeking a temporary restraining order and preliminary injunctive relief.

BACKGROUND

In 2019, Plaintiff initiated child custody proceedings in the Family Court due to concerns for his child's safety, specifically, inappropriate contact with his child by the partner of his child's mother. (Docket entry no. 11 ("Compl.") ¶ 19.) Both the child's mother, June Hou ("Hou") and her partner, Marx Rivera ("Rivera"), are named as defendants in the above-captioned action. (Id. ¶¶ 11, 13.)

Plaintiff alleges that, in connection with the child custody proceedings, Judge Shim "issued a series of unjust and unconstitutional orders, culminating in the destructive December 6, 2022 Order that reduced his parenting time to indefinite supervised visitation." (Id. ¶ 25.) Prior to the issuance of that order, Plaintiff had retained 50% physical custody. (Id.) Plaintiff alleges that "the December 6, 2022 Order was issued (a) without affording Plaintiff a meaningful opportunity to be heard; (b) without a new trial on the new allegations of inappropriate touching by Defendant Rivera . . . and (c) without the opportunity for Plaintiff to present witnesses or evidence in his defense." (Id.) Plaintiff alleges Judge Shim displayed bias, and had revealed that he had "predetermined" his ruling in connection with the December 6, 2022 hearing at which the order issued by stating that he had "typed up his notes of the order that the Court is going to issue today." (Id.; Pl. Mem. at 6.)

LIN – MTN TRO_PI                    FEBRUARY 27, 2025                    2

The text of the December 6, 2022 Family Court order appended to Plaintiff's Complaint reads, in relevant part:

> It is hereby:
> **ORDERED** that: The Father's parenting time with the subject child is suspended until December 13, 2022. It is further
> **ORDERED** that: The Father shall have no communication with the subject child until the CAC concludes its investigations into the allegations of sex abuse. Thereafter, Father shall only have visits that are supervised by a mental health professional agreeable to both parents and the Attorney for the Child, and on a schedule agreeable to the parties and the provider.

See docket entry no. 11-1 ("Dec. 2022 Ord.")  The transcript of the December 6, 2022 hearing, submitted in connection with the instant application, demonstrates that counsel for Plaintiff and counsel for Hou were given the opportunity to present oral argument in connection with the parties' written submissions before Judge Shim reached his decision. (See docket entry no. 23-4 at 7-21.)

Plaintiff alleges further misconduct on the part of Judge Shim due to Judge Shim "(a) issuing 'gag' orders to silence Plaintiff, which clearly obstructed his access to the courts, denying his Due Process Rights, (by Ordering him not to file Motions without court permission) . . . and (b) denying Plaintiff's four (4) Orders to Show Cause that had languished for years (some since 2019)[.]"  (Compl. ¶ 26.)  The text of the January 16, 2025 order that Plaintiff refers to as a "gag order" was issued in connection with an order to show cause filed by Plaintiff in the Family Court, and a cross-motion by Hou seeking, inter alia, "a moratorium on motions submitted by [Plaintiff] without th[e] [Family] Court's prior consent in an attempt to curtail [Plaintiff's] 'bad faith litigation tactics[.]'"  (Docket entry no. 23-3 ("Jan. 2025 Ord.") at 1-2.)  Judge Shim granted this portion of Hou's application, ordering that "[Plaintiff] shall not file any further motions in this litigation without Court permission."  (Id. at 9.)

On February 17, 2025, Plaintiff initiated the instant action in this Court.  (See docket entry no. 1.)  Plaintiff filed the proposed order to show cause and motion for a temporary restraining order and injunctive relief on February 26, 2025.  (Docket entry no. 23.)  Plaintiff argues that immediate federal intervention is necessary "as he is scheduled to resume trial in Family Court . . . on February 28, 2025, and Monday March 1, 2025."  (Pl. Mem. at 4.)

## DISCUSSION

To obtain preliminary injunctive relief, a plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor.  See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc., 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); Wright v. Giuliani, 230 F.3d 543, 547 (2000).  Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As explained below, Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor.  Accordingly, Plaintiff has not established his entitlement to a temporary restraining order or preliminary injunctive relief.

Judicial Immunity

Plaintiff's claims asserted against Judge Shim for damages and injunctive relief under 42 U.S.C. sections 1983 and 1985 are barred under the doctrine of judicial immunity.

Judges, such as Judge Shim, are absolutely immune from suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities.  See Mireles v. Waco, 502 U.S. 9, 9-12 (1991); Deem v. Dimella-Deem, 941 F.3d 618, 620-21 (2d Cir. 2019).  Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature."  Bliven v. Hunt, 579 F.3d 204, 210 (2d Cir. 2009).  "[E]ven allegations of bad faith or malice cannot overcome judicial immunity."  Id. at 209 (citations omitted).  This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation."  Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994).

In addition, and particularly pertinent here, is Section 1983's provision, added in 1996, that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Plaintiff does not plead the violation of any declaratory decree by Judge Shim, nor is declaratory relief unavailable—Plaintiff has access to the appellate avenues of New York's court system.  See generally Berlin v. Meijias, No. 15-CV-5308-JMA, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court." (citations omitted)), appeal dismissed, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

Nor is Plaintiff's argument that Judge Shim acted outside of his judicial authority availing.  Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction."  Mireles, 502 U.S. at 11-12; see also Bliven, 579 F.3d at 210 (describing actions that are judicial in nature).  But "the scope of [a] judge's jurisdiction

must be construed broadly where the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Here, where the challenged rulings and statements were made in the context of issues presented in litigation over which Judge Shim was presiding, the judge was clearly acting in his judicial capacity and within his jurisdiction.

In sum, Plaintiff's claims against Judge Shim arise from Judge Shim's decisions in the ongoing New York Family Court proceeding concerning Plaintiff's child.[1] This conduct is well within the scope of a judge's duties. Judge Shim is therefore immune from suit under the doctrine of judicial immunity and Plaintiff cannot demonstrate the requisite likelihood of success on the merits or serious ground for litigation against Judge Shim.

Private Defendants

Section 1983 Claims

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. Sykes v. Bank of America, 723 F.3d 399, 406 (2d Cir. 2013) (citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)). A private attorney's legal representation generally does not constitute state action for the purpose of stating a claim under Section 1983 against that attorney, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. See Bourdon v. Loughren, 386 F.3d 88, 90 (2d Cir. 2004) (citations omitted); see also Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015)

---

[1] That Plaintiff disagrees with Judge Shim's decisions does not render them outside the scope of his jurisdiction, nor do allegations of bad faith or malice, Bliven, 579 F.3d 204, 210, or allegations that Judge Shim was wrong on the law.

(holding that law guardians in family court who act as "attorneys for the child," are not state actors for purposes of Section 1983).

Courts have similarly held that court-appointed psychologists do not act under color of state law, including in circumstances substantially analogous to those of the instant case.  See Falco v. Santoro, No. 18-CV-2480-JS-GRB, 2018 WL 6706312, at *4 n.4 (E.D.N.Y. Dec. 19, 2018) (collecting cases); Young v. N.Y. State Corr. & Cmty. Supervision, No. 18-CV-5786, 2019 WL 591555, at *4 n.9 (E.D.N.Y. Feb. 13, 2019) (explaining that courts dismiss Section 1983 claims "against court-appointed psychologists . . . on the grounds that they are not state actors"); Davis v. Whillheim, No. 17-CV-5793-KPF, 2019 WL 935214, at *10 (S.D.N.Y. Feb. 26, 2019) ("Simply providing the Family Court with allegedly defective reports does not support allegations that [clinicians employed by private organizations] should be treated as state actors.").

Plaintiff has made no showing that the remaining named Defendants were state actors.  Accordingly, the Defendants apart from Judge Shim are private parties for purposes of Section 1983, and are not amenable to suit under that statute.  Plaintiff has no likelihood of success on the merits and has not raised serious questions as to them in his Section 1983 claims.

Section 1985 Claim

To support a conspiracy claim pursuant to Section 1985(3), a plaintiff must allege:

> (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

Gray v. Town of Darien, 927 F.2d 69, 73 (2d Cir. 1991).  Moreover, to make out a Section 1985(3) claim, a plaintiff must allege that the alleged conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action."  United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott, 463 U.S. 825, 835 (1983).

Here, Plaintiff does not make any allegations that either Hou or Rivera were motivated by anything other than personal bias, nor does he make any allegations that would support an inference that any of the remaining Defendants were motivated by discriminatory animus toward Plaintiff based upon his gender, outside of the conclusory assertion that bias against the male parent is "an insidious bias that often permeates custody disputes."  (Compl. ¶¶ 52, 60).  Accordingly, Plaintiff has failed to demonstrate a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them fair ground for litigation.  See, e.g., Capogrosso v. Gelbstein, No. 18-CV-2710-MKB-LB, 2019 WL 6406444, at *13 (E.D.N.Y. Jan. 30, 2019) ("A Section 1985 conspiracy claim that is only supported by conclusory assertions cannot survive a motion to dismiss." (gathering cases)).

Interference with State Court Proceedings

The relief Plaintiff seeks, i.e. the stay or reversal of orders and the stay of proceedings, would require that this Court intervene in his state family proceeding.  The Younger abstention doctrine, domestic relations abstention doctrine, and the federal Anti-Injunction Act all preclude this Court from granting such relief.

Younger Abstention

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of

special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate.  See Gibson v. Berryhill, 411 U.S. 564, 573-74 (1973) (citing Younger, 404 U.S. 37).  Application of this Younger abstention doctrine has been extended to state civil enforcement proceedings that are "akin to criminal prosecutions," and state civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts."  Sprint Commc'n, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013) (citations omitted).  The doctrine applies to federal court claims for injunctive relief and declaratory relief that would cause the federal court to intervene in any of those types of state court proceedings.  See Kirschner v. Klemons, 225 F.3d 227, 235 (2d Cir. 2000).  Courts have held that pending state court child custody and child support proceedings involve at least one of the circumstances mentioned in Sprint in which the Younger abstention doctrine should be applied.  See Falco v. Justices of the Matrimonial Parts of the Supreme Court of Suffolk Cnty., 805 F.3d 425, 417 (2d Cir. 2015) ("[Plaintiff's] federal lawsuit implicates the way that New York courts manage their own divorce and custody proceedings – a subject in which 'the states have an especially strong interest.'"); Gravagna v. Eisenpress, No. 19-CV-0700-CM, 2019 WL 1469289, at *2 (S.D.N.Y. Apr. 2, 2019) (child custody and child support).

    Plaintiff requests that this Court intervene in his pending state court child custody proceedings, thus implicating Younger, and his conclusory allegations are insufficient to meet his burden of demonstrating that Younger's exception for bad faith and bias applies.  The Court acknowledges that Plaintiff details several perceived flaws in the course of the Family Court proceedings, which he appears to argue demonstrate bias.  (See Pl. Mem. at 5-7.)  The Court has reviewed the documents submitted from the record in the Family Court proceedings, and is not

persuaded that Plaintiff has provided a proper basis for an inference that any of the referenced proceedings or rulings were irregular or otherwise infected with bias.

### Domestic Relations Abstention Doctrine

The domestic relations abstention doctrine requires this Court to abstain from exercising federal question jurisdiction of domestic relations issues, such as those implicated in Plaintiff's claims. In 1990, in American Airlines, Inc. v. Block, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. 905 F.2d 12, 14 (2d Cir. 1990). Specifically, where a federal district court is "asked to grant a divorce or annulment, determine support payments, or award custody of a child," the court should abstain from exercising its jurisdiction of such claims if "there is no obstacle to their full and fair determination in [the] state courts." Id. (internal quotation marks ad citation omitted); see also Deem, 941 F.3d at 621 (explaining that "American Airlines continues to be the law of this Circuit" after relevant intervening Supreme Court precedent).

Plaintiff asks this Court to intervene in family court proceedings in New York County, but the Court must abstain from exercising federal question jurisdiction of claims concerning the issuance of state court custody orders. See Deem, 941 F.3d at 621-25 (affirming sua sponte dismissal under domestic relations abstention doctrine).

### Anti-Injunction Act

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

28 U.S.C. § 2283.  Thus, "any injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld."  Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287 (1970).  State court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately" the Supreme Court of the United States.  Id.  The Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act."  Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977).

While the Supreme Court has held that actions brought pursuant to Section 1983 may fall within the "except as expressly authorized by Act of Congress" exception, see Mitchum v. Foster, 407 U.S. 225 (1972), as discussed above, Plaintiff has not shown a likelihood of succeeding on the merits of his Section 1983 claims, or sufficiently serious questions going to the merits of those claims, and thus fails to demonstrate that he would be entitled to injunctive relief under that exception.  See, e.g., Ram v. Lal, 906 F. Supp. 2d 59, 71 (E.D.N.Y. 2012) ("[W]hether [the "except as expressly authorized by Act of Congress"] exception to the Anti-Injunction Act is applicable depends upon whether the . . . Plaintiffs have made out a cognizable Section 1983 claim.").

In sum, the Court has thoroughly considered all of Plaintiff's arguments, and finds that Plaintiff has not demonstrated a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly in his favor.  Accordingly, Plaintiff's request for an order to show cause for a temporary restraining order and preliminary injunctive relief is denied in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for an order to show cause for a temporary restraining order and preliminary injunctive relief is denied in its entirety. This Order resolves docket entry no 23.

SO ORDERED.

Dated: New York, New York
   February 27, 2025

                 /s/   Laura Taylor Swain
               LAURA TAYLOR SWAIN
               Chief United States District Judge
               Part I